IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| JENNIFER CESPEDES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No.:   8:22-cv-02815-VMC-SPF |
| JOSE LUIS BELTRAN DMD MD LLC, | ) ) ) |
| Defendant. | ) ) |

# FIRST AMENDED COMPLAINT

COMES NOW the Plaintiff, JENNIFER CESPEDES ("PLAINTIFF"), and files this First Amended Complaint against Defendant, JOSE LUIS BELTRAN DMD MD LLC, ("DEFENDANT"), respectfully stating unto the Court the following:

## GENERAL ALLEGATIONS

1. This is a cause of action to recover back pay, liquidated damages, attorney's fees, costs of litigation and other relief from DEFENDANT for violation of the Fair Labor Standards Act ("FLSA") and retaliation.

2. At all material times, PLAINTIFF was a citizen and resident of Florida.

3. At all material times, DEFENDANT was a Florida corporation that performed dental surgery and related services in and around Hillsborough County, Florida and PLAINTIFF worked for DEFENDANT as a project manager in Hillsborough County, Florida.

4. As a project manager, PLAINTIFF worked within tight parameters established by DEFENDANT to assist DEFENDANT'S clients with determining how to finance their dental care.

## BACKGROUND

5. PLAINTIFF brings this action to require DEFENDANT to pay back wages owed to PLAINTIFF, which DEFENDANT failed to pay in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*.

6. At all relevant times, DEFENDANT acted through its officers, agents, servants, and employees.

7. Upon information and belief, at all relevant times, DEFENDANT had two or more employees, including PLAINTIFF, who regularly handled goods that moved in or were produced for interstate commerce.

8. At all relevant times, DEFENDANT was an enterprise engaged in commerce as defined at 29 U.S.C. § 203.

9. Upon information and belief, at all relevant times, DEFENDANT had annual gross sales in excess of $500,000.00 and two or more employees who regularly handled goods that moved in or were produced for interstate commerce.

10. At all relevant times, DEFENDANT was an employer within the meaning of the FLSA.

11. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337 and by 29 U.S.C. § 216.

12. In or around March 2021, DEFENDANT hired PLAINTIFF for the first time. PLAINTIFF worked for DEFENDANT until May 2021, left and was rehired in January 2022.

13. The FLSA requires an employer to pay its employees at a rate of at least minimum wage for all hours worked and also requires an employer to pay overtime when a nonexempt employee such as PLAINTIFF works more than 40 hours in a week.

14. During both stints of employment, PLAINTIFF worked for DEFENDANT from 7:00 a.m. to 7:00 p.m., Monday through Friday and was required to answer calls from DEFENDANT'S clients after hours and on weekends. PLAINTIFF worked through her lunch breaks and spent 15 to 20 hours per week answering calls after hours and on weekends.

15. Although PLAINTIFF was a manager in name only who performed solely nonexempt work for DEFENDANT, DEFENDANT made PLAINTIFF a salaried employee at a salary of $65,000 per year. Upon information and belief, DEFENDANT did this so it could avoid paying PLAINTIFF overtime for the hours she worked beyond 40 hours each week.

16. In addition to her salary, DEFENDANT compensated PLAINTIFF with discretionary and nondiscretionary bonuses. The nondiscretionary bonuses were based on the amount of revenue PLAINTIFF collected for DEFENDANT above certain monthly targets.

17. In May, July and August 2022, PLAINTIFF complained about not being paid appropriately and DEFENDANT retaliated against her by offering her hourly status but cutting her hours to 15 hours per week.

18. When PLAINTIFF realized she would be making less than half the pay she made, she agreed to allow DEFENDANT to continue to pay her on a salary basis.

19. Upon information and belief, DEFENDANT has willingly, deliberately and intentionally refused to pay PLAINTIFF at an appropriate rate for the time she worked by not paying her an overtime premium of time and one-half when she worked more than 40 hours in a week.

20. PLAINTIFF therefore is owed compensation for time actually worked but not paid at the appropriate overtime rate by DEFENDANT, who willingly and knowingly withheld those wages.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

21. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

22. DEFENDANT regularly engages in commerce and its employees, including PLAINTIFF, handled and used materials, which have moved in interstate commerce.

23. At all relevant times, DEFENDANT was an employer within the meaning of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* and is subject to the provisions of the Act.

24. PLAINTIFF, at all relevant times was a non-exempt employee of DEFENDANT, as defined by the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* who performed work for which she did not receive appropriate compensation.

25. During her employment with DEFENDANT, PLAINTIFF performed work for which she was not properly compensated in violation of the overtime provision of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.*

26. As described above, DEFENDANT'S pay system was unilaterally imposed upon PLAINTIFF by DEFENDANT.

27. DEFENDANT'S failure to compensate PLAINTIFF properly for her time worked violates the provisions of the FLSA and the regulations thereunder.

28. DEFENDANT'S failure to compensate PLAINTIFF for all the time she worked was a willful and knowing violation of the FLSA.

29. As a result of DEFENDANT'S willful and knowing failure to properly compensate PLAINTIFF, she has suffered substantial delay in receipt of wages owed and damages.

30. Pursuant to 29 U.S.C. §§206, 207 and 216, DEFENDANT owes PLAINTIFF overtime pay for each overtime hour PLAINTIFF worked for which she did not receive appropriate compensation and an additional equal amount as liquidated damages, plus attorney's fees and costs of litigation.

31. All conditions precedent to maintaining this action have occurred or otherwise been waived.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover unpaid wages, liquidated damages, pre- and post-judgment interest, nominal damages, attorney's fees, costs of litigation and other relief by reason of DEFENDANT'S violations of the FLSA; for a trial by jury on all issues so triable, and, for such other and further relief as the Court may deem just and proper.

## COUNT II
## FLSA RETALIATION

32. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

33. PLAINTIFF complained to DEFENDANT in May, June and July 2022 that she should be receiving overtime pay because she was performing nonexempt work for DEFENDANT.

34. In retaliation for PLAINTIFF complaining, DEFENDANT, through Lindsay Beltran, told PLAINTIFF that she had made her bed and would have to lie in it. She then presented PLAINTIFF with a new contract that would require her to work 30 to 40 hours per week at an hourly rate of $33 per hour. PLAINTIFF agreed but when

        DEFENDANT provided her with a schedule, PLAINTIFF'S hours were cut to 1:00 p.m. to 4:00 p.m., Monday through Friday.

35. PLAINTIFF is a single mother of three and did not feel like she could support her family on $500 per week, so she agreed to return to salary but at the same time, she also started looking for a new job.

36. As a result of DEFENDANT retaliating against PLAINTIFF, she was compelled to quit working for DEFENDANT which she did on November 30, 2022. This was a constructive discharge because no reasonable person in PLAINTIFF'S circumstances would continue to work for DEFENDANT for $500 per week.

37. As a result of DEFENDANT'S constructive discharge of PLAINTIFF, PLAINTIFF has suffered embarrassment, lost wages and other emotional harm and distress.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover back pay, nominal relief, pre- and post-judgment interest, attorney's fees, punitive damages and other relief by reason of DEFENDANT'S illegal

retaliation against her; for a trial by jury on all issues so triable and, for such other and further relief as the Court may deem just and proper.

Dated: January 20, 2023

                                    Respectfully submitted,

                                    **THE LAW OFFICE OF MATTHEW BIRK**

                                    **/s/ Matthew W. Birk**
                                    **Matthew W. Birk**
                                    Florida Bar No.: 92265
                                    309 NE 1st Street
                                    Gainesville, FL 32601
                                    (352) 244-2069
                                    (352) 372-3464 FAX
                                    mbirk@gainesvilleemploymentlaw.com
                                    ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I CERTIFY that on January 20, 2023, I electronically filed the foregoing with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served today on all counsel of record via transmission of Notice of Electronic filing generated by CM/ECF.

        **/s/ Matthew W. Birk**_____ ___
        **Matthew W. Birk**