```
         UNITED STATES DISTRICT COURT
          MIDDLE DISTRICT OF FLORIDA
               TAMPA DIVISION
```

JENNIFER CESPEDES,

    Plaintiff,

v.                                    Case No: 8:22-cv-2815-VMC-SPF

JOSE LUIS BELTRAN DMD MD LLC,

    Defendant.

_____/

**FLSA SCHEDULING ORDER**

Pursuant to Federal Rule of Civil Procedure 16, the Court finds it necessary to implement a schedule tailored to meet the particular circumstances of this case which is based on the Fair Labor Standards Act ("FLSA"). Therefore, consistent with the just, speedy and inexpensive administration of justice, Fed. R. Civ. P. 1, it is

**ORDERED** that the provisions of Rule 26(a)(1) and Local Rule 3.02 concerning the initial disclosures and filing of a Case Management Report are hereby waived in this case. Instead, the parties shall comply with the following schedules:

    1.    No later than **January 20, 2023**, the parties shall serve upon each other (but not file) copies of the following:

        (a) Plaintiff: All documents in Plaintiff's possession, custody, or control that pertain to the unpaid wages claimed in the Complaint.

        (b) Defendant: All time sheets and payroll records in Defendant's possession, custody or control that pertain to work performed by

Plaintiff during the time period for which Plaintiff claims unpaid wages.

2. No later than **February 6, 2023**, Plaintiff shall answer the Court's Interrogatories under oath or penalty of perjury, serve a copy on Defendants, and file the answers with the Court entitled "Answers to Court's Interrogatories."

3. No later than fifteen days after Plaintiff files Answers to the Court's Interrogatories, Defendants shall serve on Plaintiff and file with the Court a Verified Summary of all hours worked by Plaintiff during each relevant pay period, the rate of pay and wages paid, including overtime pay, if any.

4. In collective actions, the exchange of documents as referenced in Paragraph 1 shall occur with respect to opt-in Plaintiffs who join the action prior to the dissemination of a court-approved opt-in notice. Said exchange of documents shall occur within twenty-one days of their filing of opt-in notices with this Court, and such opt-in Plaintiffs shall thereafter file and serve their respective Answers to the Court's Interrogatories within an additional twenty-one days.

5. Until further order of this Court, all discovery in this case is **STAYED**, except as provided in this Order.

6. This case is referred to mediation. The Court appoints Carlos J. Burruezo, of Burruezo & Burruezo, PLLC, 911 Outer Road, Orlando, Florida, 32814, (407)754-2904, as mediator.

7. Scheduling Mediation: The mediation conference shall be conducted on or before **March 6, 2023**. However, **the parties are not permitted to**

**mediate until the information exchange outlined in this Order,** including answers to interrogatories and Verified Summary, **has been completed.**

8. Rescheduling Mediation: If the mediation date is approaching, and the parties realize they will not be able to complete the document and information exchange called for herein, the parties are directed to file a motion to reschedule the mediation. **In any event, once the mediation has been scheduled, the parties may not unilaterally reschedule the mediation conference—a motion must be filed, and leave of Court obtained, if they seek to reschedule the mediation.** In the motion to reschedule, counsel must include the proposed date of rescheduling; the Court reserves the right to deny any motion that seeks to reschedule the mediation conference for a date beyond the deadline set in Paragraph 7. If the Court authorizes the parties to reschedule the mediation conference, the parties may still be required to pay the mediator's cancellation fee. Thus, the parties are strongly encouraged to promptly exchange documents and information as required herein, and to diligently adhere to all deadlines to avoid unnecessary expense.

9. Cancelling Mediation: **Once the mediation conference is set, neither party may cancel the mediation without first obtaining leave of Court, even if the parties have reached a settlement.**

10. Designation and Responsibility of Lead Counsel: **Matthew W. Birk, Esq.,** is designated as lead counsel and shall consult both the mediator and other counsel to coordinate the date and time of the mediation. By **January 19, 2023,** Lead Counsel shall file a Notice of Mediation giving the agreed date and time of mediation. Once scheduled, the agreed date for the

mediation conference shall operate as the mediation deadline in lieu of the date set forth in Paragraph 7. Extension of the mediation deadline requires leave of Court. Before moving for an extension of the mediation deadline, the movant shall consult with both the mediator and opposing counsel to determine an agreed date and time for the mediation, if rescheduled. In accord with Local Rule 3.01(g), a motion for an extension of the mediation deadline shall include, along with the proposed mediation date and time, a statement certifying that the movant has conferred with opposing counsel and stating whether counsel agree on the resolution of the motion. Because the Court expects diligence and good faith from the parties, a motion for extension of the mediation deadline is increasingly disfavored as the mediation deadline approaches.

11. General Rules Governing the Mediation: Although mediation is defined in greater detail in Chapter Nine of the Local Rules, the following additional guidelines are imposed upon the mediation:

(a) Not later than five working days prior to the scheduled mediation conference, each party shall email directly to the mediator the documents described in Paragraphs 1 through 3.

(b) Authority of the Mediator: The mediator shall have the authority to consult and conduct conferences and private caucuses with counsel, individual parties, corporate and municipal representatives and claims professionals, to suggest alternatives, analyze issues, question perceptions, stimulate negotiations, and keep order. The mediation shall continue until adjourned by the mediator. No participant may compel the early

conclusion of a mediation because of travel plans or other engagements. Only the mediator may declare an impasse or end the mediation. In order to coordinate the mediation conference, the mediator may set an abbreviated scheduling conference prior to the scheduled mediation.

(c) Authority to Declare Impasse: Although the average mediation usually takes between 3-5 hours, participants shall be prepared to remain until the mediator declares an impasse.

(d) Attendance: The Court directs that all counsel, parties, corporate representatives, and any other required claims professionals shall be present at the mediation conference with full authority to negotiate a settlement.

12. Compensation of the Mediator: The mediator shall be compensated at the mediator's prevailing hourly rate, which, unless otherwise agreed by counsel, shall be borne equally by all parties and payable immediately upon the conclusion of mediation. The parties shall comply with any reasonable cancellation policy established by the mediator.

13. Results of Mediation: Lead Counsel must file a notice informing the Court of the results of the mediation conference within twenty-four hours from the conclusion of the mediation conference.

14. Case Management Report and Additional Information: In the event mediation does not result in settlement of this action, the parties must conduct a case management meeting immediately after the mediation conference, during which the parties shall jointly prepare the attached fast-track case management report. The parties shall file the completed

fast-track case management report within twenty-four hours of the conclusion of the mediation conference. In addition, the parties shall file a separate notice also within twenty-four hours of the conclusion of the mediation conference informing the Court of the legal issues they believe will need to be resolved at the summary judgment stage and/or the factual matters they believe will be at issue during trial.

15. Case Management Hearing: After review of the parties' fast-track case management report, the Court will determine if a Case Management Hearing is required. If a Case Management Hearing is necessitated, the Court will conduct such hearing approximately one week after the parties' mediation conference. The Court will enter a notice indicating the date and time of the hearing. Counsel are advised that this case will be set for trial approximately 90-120 days after the mediation conference. At the Case Management Hearing, this Court will address any scheduling conflicts the parties may have.

16. If the parties are able to agree on settlement in this case, they are directed to immediately notify the Court, to submit the terms of the resolution of this case, and to file a Motion for Court Approval of the Settlement within ten days from the date of the Notice of Settlement.

17. In the event that no settlement is reached pursuant to these procedures, and this Court later grants a motion permitting notice to be sent to similarly situated individuals advising them of their right to opt-in to this action, the limitations period for any person receiving notice shall be tolled during the period from the date of this Order until the parties file

a Case Management Report lifting the stay on these proceedings.

18. Should the parties settle this dispute at any later time, they shall immediately advise the Court as required by Local Rule 3.08(a) and promptly submit a Motion for Court Approval of the Settlement containing the terms of the settlement.

19. The parties may consent to the jurisdiction of the United States Magistrate Judge assigned to this case.

20. Absent compelling circumstances and leave of Court, Lead Counsel must appear in person at the Case Management Hearing. Lead Counsel must be prepared to discuss the claims and defenses as well as any unique aspects of the case with the Court. This hearing is an investment of the Court's time and presents an opportunity for counsel to meet the judge presiding over their case, as well as present any issues that should be called to the Court's attention.

21. Due to the volume of cases based on the FLSA, the **Court expects strict adherence to these deadlines**. Exceptions will be granted only for compelling reasons. **Failure to comply may result in the imposition of sanctions**, including but not limited to the dismissal of the case and the striking of pleadings. However, either party, for good cause shown, may move to alter this schedule should circumstances warrant.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida on this **3rd day of February, 2023.**

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Attachments:
Court's Interrogatories
Magistrate Judge Consent Form
FLSA Fast-Track Case Management Report

**COURT'S INTERROGATORIES TO PLAINTIFF**

1. During what period of time were you employed by the Defendant?

2. Who was your immediate supervisor?

3. Did you have a regularly scheduled work period? If so, specify.

4. What was your title or position? Briefly describe your job duties.

5. What was your regular rate of pay?

6. What is the nature of your claim (check all that apply)?

   \_\_\_\_\_ Off the clock work (Defendant failed to record, or prohibited you from recording, all of your working time);

   \_\_\_\_\_ Misclassification (Defendant mistakenly classified you as exempt from over-time);

   \_\_\_\_\_ Miscalculation (Defendant failed to correctly calculate your compensation);

   \_\_\_\_\_ Other (please describe):_____.

7. Provide an accounting of your claim, including:

   (a) dates worked;

   (b) regular hours worked;

   (c) over-time hours worked;

   (d) pay received versus pay claimed; and

   (e) total amount claimed

8. If you have brought this case as a collective action:

   (a) Describe the class of employees you seek to include in this action.

   (b) Has an opt-in notice been filed for every potential opt-in Plaintiff who has identified himself or herself

as a person who wishes to join this action?

9. Specify all attorney's fees and costs incurred to date. With respect to attorney's fees, provide the hourly rate(s) sought and the number of hours expended by each person who has billed time to this case.

10. When did you (or your attorney) first complain to your employer about alleged violations of the FLSA?

11. Was this complaint written or oral? (If a written complaint, please attach a copy).

12. What was your employer's response? (If a written response, please attach a copy).

_____
(Plaintiff's Signature)

STATE OF FLORIDA
COUNTY OF _____

   BEFORE ME, the undersigned authority, on this day, personally appeared _____, who being first duly sworn, and \_\_\_\_ who is personally known to me or \_\_\_\_ who produced _____ as identification, deposes and says that he/she has read the foregoing Answers to Interrogatories, knows the contents of same, and to the best of his/her knowledge and belief, the same are true and correct.

   SWORN TO AND SUBSCRIBED before me on this _____ day of_____, 20\_\_\_.

                              NOTARY PUBLIC

                         _____
                         Signature of Person Taking Acknowledgment

Notary Stamp            Print Name:
                              Title: Notary Public
                              Serial No. (if any):
                              Commission Expires:

AO 85 (Rev. locally 5/99) Notice, Consent, and Order of Reference B Exercise of Jurisdiction by a United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**Middle District of Florida**

_____,

Plaintiff(s)

v.                                                                                                                             Case Number: _____

_____,

Defendant(s)

**NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION**

In accordance with the provisions of 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, you are hereby notified that a United States Magistrate Judge of this District Court is available to conduct any or all proceedings in this case, including a jury or bench trial, and to order the entry of a final judgment. Exercise of this jurisdiction by a Magistrate Judge is, however, permitted only if all parties voluntarily consent, **as evidenced by execution of the Consent portion hereof, all together on this form**, to the exercise of jurisdiction by a United States Magistrate Judge.

You may, without adverse substantive consequences, withhold your consent; but this will prevent the Court's jurisdiction from being exercised by a Magistrate Judge. If any party withholds consent, the identity of the parties consenting or withholding consent will not be communicated to any Magistrate Judge or to the District Judge to whom the case has been assigned.

Appeal from a judgment entered by a Magistrate Judge shall be taken directly to the United States Court of Appeals for the Eleventh Circuit, in the same manner as an appeal from any other judgment of this District Court.

**CONSENT TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE**

In accordance with the provisions of 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties in this case hereby voluntarily consent to have a United States Magistrate Judge conduct any and all further proceedings in the case, including the trial; order the entry of a final judgment; and conduct all post-judgment proceedings, as necessary.

| Signatures | Parties Represented | Date Signed |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

**ORDER OF REFERENCE**

**IT IS HEREBY ORDERED** that this case be referred to Honorable, _____, **United States Magistrate Judge, for all further proceedings and the entry of judgment in accordance with 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and the foregoing consent of the parties.**

_____                         _____
Date                                                                          **VIRGINIA M. HERNANDEZ COVINGTON,**
                                                                                        **United States District Judge**

**NOTE: RETURN THIS FORM TO CLERK OF COURT ONLY IF ALL PARTIES HAVE SIGNED ON THIS FORM CONSENTING TO EXERCISE OF JURISDICTION BY A MAGISTRATE JUDGE.**

**United States District Court**
**Middle District of Florida**
**Tampa Division**

_____,
Plaintiff(s),

v.                                                                  Case No. _____

_____,
Defendant(s).
_____/

**CASE MANAGEMENT REPORT**

TO BE USED FOR THE FOLLOWING CASES:
**FAIR LABOR STANDARDS ACT (FLSA);**
**TITLE III AMERICANS WITH DISABILITIES ACT (ADA);**
**FAIR DEBT COLLECTION PRACTICES ACT (FDCPA);**
**TELEPHONE CONSUMER PROTECTION ACT (TCPA);**
**FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA);**
**REAL ESTATE SETTLEMENT PROCEDURES ACT (RESPA); AND**
**FAIR CREDIT REPORTING ACT (FCRA).**

The parties have agreed on the following dates and discovery plan pursuant to Fed. R. Civ. P. 26(f):

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Certificate of Interested Persons and Corporate Disclosure Statement** | |
| **Mandatory Initial Disclosures** | |
| **Discovery Deadline** | |
| **Dispositive Motions** | |
| **Meeting *In Person* to Prepare Joint Final Pretrial Statement** | |
| **Joint Final Pretrial Statement** [Including a Single Set of Jointly-Proposed Jury Instructions and Verdict Form, Voir Dire Questions, Witness Lists, & Exhibit Lists with Objections on Approved Form (to be e-mailed in Word format to chambers_flmd_covington@flmd.uscourts.gov)] | |
| **Final Pretrial Conference** [The Court will set a date] | |
| **Trial Term Begins** [Trial term must be 5 weeks after dispositive motions deadline (unless filing of such motions is waived); district judge trial terms begin on the first Monday of each month; trials before magistrate judges will be set on a date certain after consultation with the parties] **[90-120 days after mediation conference]** | |
| **Estimated Length of Trial** [Number of trial days] | |
| **Jury / Non-Jury** | |