IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| JENNIFER CESPEDES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.:8:22-cv-2815-VMC-SPF |
| | ) |
| JOSE LUIS BELTRAN DMD MD LLC, | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

## PLAINTIFF'S RESPONSE TO MOTION TO COMPEL

Plaintiff, through counsel, states the following in opposition to Defendant's Motion to Compel.

## BACKGROUND

This case arises under the Fair Labor Standards Act. Plaintiff alleges that she was not paid overtime due to Defendant misclassifying her as exempt from overtime while she worked for Defendant. Plaintiff also claims that when she complained, Defendant retaliated against her by cutting her hours to the point that she was compelled to quit. Defendant propounded interrogatories and requested documents and Plaintiff responded to those requests. Defendant through counsel complained about purported deficiencies in Plaintiff's responses and Plaintiff provided revised interrogatories twice in response to Defendant's complaints and also amended her response to Defendant's document requests. Despite this, Defendant brought this motion to compel. For the following reasons, Defendant's motion is due to be denied.

## ARGUMENT

Plaintiff will address each of Defendant's objections in turn.

**Interrogatory 2**

Defendant argues that Plaintiff did not provide enough details of the information possessed by the three witnesses identified in her interrogatory answer. In that regard, Plaintiff provided the information to the best of her ability. The three witnesses are scheduled for deposition on August 22, 2023. *See* Exhibit "A". Prior to scheduling their depositions, undersigned called the witnesses and spoke with them providing a short description of the case and asking if they would be willing to be participate in a deposition. Undersigned did not interview the witnesses and does not know how they will answer specific questions regarding their knowledge of Plaintiff's job duties and authority, so Plaintiff has answered this interrogatory to the best of her ability. Defendant can use the contact information provided to ask the individuals their specific knowledge and can also ask questions at their respective depositions, so there is no basis for this objection.

**Interrogatory 3**

Defendant complains that Plaintiff has not provided sufficiently detailed information regarding the basis of her claims. Plaintiff's initial interrogatory response incorporated her answers to Court Interrogatories and the Complaint. When Defendant complained, Plaintiff amended her response to provide the answer she did. Defendant seems to be asking that Plaintiff treat this interrogatory as a presentation of her case, so that is why Plaintiff objected to the interrogatory as overbroad. Plaintiff's response and incorporation of the respective documents is appropriate and Defendant's objection on this basis due to be overruled.

**Interrogatory 4**

Plaintiff provided the information requested in her answers to court interrogatories. *See* Exhibit "B". Defendant made no objection regarding the adequacy of Plaintiff's answers at that time and Plaintiff answered the interrogatory at issue by incorporating her responses to Court Interrogatories. The document is two pages and the Court's

Interrogatories are more specific than the interrogatory at issue, so Defendant's complaints are meritless.

**Interrogatory 10**

Plaintiff identified her Complaint and answers to Court Interrogatories in response to previous interrogatories. It is unclear why Defendant made this objection.

**Interrogatory 11**

Plaintiff objected to this interrogatory on the grounds that it is overbroad because any side work she did while working for Defendant has no bearing on the issues in this case and this information is not reasonably calculated to lead to the discovery of admissible evidence. The issues in this case are how many hours Plaintiff worked for Defendant, whether Defendant misclassified Plaintiff as exempt from overtime and did Defendant retaliate against Plaintiff for her complaints. What work she did for other employers at the time she worked for Defendant is irrelevant and will not lead to discoverable evidence. Despite this objection, Plaintiff provided the information she provided and again, it is unclear why this is part of a motion to compel.

**RFP 1**

Plaintiff only produced two contracts as part of her discovery responses, so it is unclear why Defendant does not know which of her document responses contain the two contracts. She did not produce any responsive third-party agreements because they do not exist.

**RFP 2**

Plaintiff produced text messages and may use them at trial. It is unclear why Defendant is making this objection and at this point no determination has been made as to what documents will be introduced at trial.

**RFP 7**

Plaintiff made the objection for the stated reason and produced what she had that was responsive.  Plaintiff's pay stubs, current employer personnel manual, job evaluation, job description, etc. have nothing to do with any issue in this case.  Plaintiff's applications could arguably lead to the discovery of admissible evidence, but Plaintiff does not have them.  Tax returns go to the issue of her lost earnings as a result of her illegal termination, so Plaintiff produced them.  All of the above was discussed between counsel before Defendant filed this motion so it is not clear why Defendant included this objection.

**RFP 15**

Plaintiff produced text documents that happen to be responsive to more than one request.  She provided texts in response to RFP 2 and the same texts are responsive to this request, hence Plaintiff's response.

**RFP 23**

Again, the issues in this case are how many hours Plaintiff worked for Defendant, whether Defendant misclassified Plaintiff as exempt from overtime and did Defendant retaliate against Plaintiff for her complaints.  What work Plaintiff did for other employers while working for Defendant is irrelevant and will not lead to discoverable evidence.  Any written agreements Plaintiff had with employers after Defendant are likewise irrelevant.

**ATTORNEY'S FEES**

Defendant's motion is baseless.  As explained above, not one of the issues has any merit.  Undersigned spent 2.8 hours reviewing Defendant's motion, discussing same with Plaintiff and preparing this response.  Undersigned bills at $375 per hour and fees are appropriate when a motion to compel is unsuccessful.  In that regard, Federal Rule of Civil Procedure 37(a)(5)(B) provides:

> If the Motion Is Denied. If the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an

opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

Defendant's motion to compel is baseless, not "substantially justified" and there are no other circumstances that would make an award of Plaintiff's attorney's fees unjust.

## CONCLUSION

For all of the foregoing reasons, Defendant's motion is due to be denied and an award of attorney's fees should be made after hearing.

Dated:  August 18, 2023

                          Respectfully submitted,

                          **THE LAW OFFICE OF MATTHEW BIRK, LLC**

                          **/s/ Matthew W. Birk**
                          **Matthew W. Birk**
                          Florida Bar No.:  92265
                          2112 SW 34th Street
                          Gainesville, FL 32608
                          (352) 244-2069
                          mbirk@gainesvilleemploymentlaw.com
                          ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

I CERTIFY that on August 18, 2023, I electronically filed the foregoing with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served today on all counsel of record via transmission of Notice of Electronic filing generated by CM/ECF.

**/s/ Matthew W. Birk**          
**Matthew W. Birk**